UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**COTAPAXI CUSTOM DESIGN,**         :
                                    :   **Civil Action No. 08-3197(KSH)**
                                    :
       **Plaintiff,**               :
                                    :
   **v.**                           :
                                    :   **PRETRIAL SCHEDULING ORDER**
                                    :
**FUJISAWA HEALTHCARE, INC.,**      :
                                    :
       **Defendant**                :
_____:

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 3, 2008; and for good cause shown,

**IT IS on this 3rd day of October, 2008,**

**ORDERED THAT:**

(1)    No later than **October 15, 2008**, defendant Saltzman shall provide a declaration concerning whether or not she sold the product at issue or has a relationship with any of the parties;

(2)    If the plaintiff is satisfied with the declaration of defendant Saltzman, then no later than **October 22, 2008**, plaintiff shall submit an order dismissing the claims against defendant Saltzman without prejudice;

(3) No later than **March 16, 2008**, the defendants shall advise the plaintiff if they intend to rely on advice of counsel as defense to a claim if willful infringement;

(4) All discovery shall proceed except discovery on the issue of advice of counsel unless and until defendant's indicate they intend on relying same as a defense.

 **IT IS FURTHER ORDERED THAT:**

**I.  COURT DATES**

1.    There shall be a telephone status conference before the Undersigned on **February 10, 2009  at 3:00 p.m., April 29, 2009 at 3:00 p.m. and June 10, 3009 at 3:00 p.m.** Plaintiff shall initiate the telephone calls.

2.    Absent a request to adjourn because the parties are participating in private mediation, there will be a settlement conference before the Undersigned on **December 2, 2008** at **2:00 p.m.** .M.  No

later than **November 22, 2008**, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

      3.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 15, 2009 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

      4.     a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **October 22, 2008.**

          b. No later than **October 22, 2008**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

      5.     Discovery necessary to engage in meaningful settlement discussions: <u>(a) documents showing plaintiff gave defendants notice of the three patents at issue (b) records from defendant's corporate Impression and Seigel showing shipments of the pent to Fujisawa and a certification they did not supply the Protonic Pen (c) deposition of defendant Siegel</u> and will be produced by **November 15, 2008.**

      6.     a. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **November 30, 2008,** which shall be responded to no later than **January 8, 2009**.

          b. Foreign evidence collection shall commence no later than **February 1, 2009.**

      7.     The number of depositions to be taken by each side shall not exceed **10**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **July 30, 2009.**

      8.     Fact discovery is to remain open through **July 30, 2009**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

      9.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute,

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **February 1, 2009** . The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10.  Any motion or consent order to amend the pleadings or join parties shall be filed no later than **March 16, 2009.**

11.  All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

12. All affirmative expert reports shall be delivered by **August 30, 2009.**

13. All responding expert reports shall be delivered by **September 30, 2009.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **November 10, 2009.**

### IV.  FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 15, 2009** at **10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **December 8, 2009 at 4:00 p.m**. All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**

5